### GILPIN v. GILPIN.

Supreme Court. New Castle. October, 1793.

*Wilson's Red Book, 14.†*

---

* This case is also reported in *Bayard's Notebook*, 57.
† This case is also reported in *Bayard's Notebook, 50; Read's Notebook, 16.*

*Bedford* and *Bayard* for defendant in error had obtained a rule to show cause why the writ of error should not be quashed, and they now argued that a writ of error would not lie upon a judgment in an amicable action. There are many cases in which the court will interfere in a summary way on motion though there be another remedy, 2 Wils. 394. Where it is evident the writ of error cannot be attended with effect, it may be quashed, as in [1] Ld.Raym. 71, 328. The writ of error only operates upon the record, and, though error there exists, no advantage could be taken of it, because the entry of the action is matter of consent and *consensus tollit errorem.*

2. The writ of error is taken away by the Statute of the 9 & 10 Will. III [c. 15 (1698)]. There are four species of awards: first, *in pais;* second, at common law in suits depending; third, under the 9 & 10 Will. III, *vide* 3 Bl.Comm. 17; fourth, under the Act of Assembly, Dall. 314. This award is not of the first kind, it is a reference of record; not the second, for there was no suit depending; nor the fourth, for the reason last given, and the Act of Assembly speaks of plaintiff and defendant, and therefore supposes a suit depending; it is of consequence the third, and is clearly decided by the words and embraced by the intent of the Statute.

3. If it is not under the Statute, it is at common law, and the Statute being only declaratory of the common law a writ of error will not lie. 2 Bac.Abr. 701.

*Read* and *Levy* for plaintiff contended that a writ of error was a writ of right, and that there was no thing in an amicable action more than in an adversary one which made the judgment given exempt from it. An amicable action may be defined an action without writ; when once instituted it conforms in its proceedings to other actions. It may be tried by jury and is exposed to the errors to be committed in issuing of process and rendering of judgment. If tried by auditors, there is nothing in their award more sacred than in the verdict of a jury, and therefore should be equally liable to scrutiny upon a writ of error. It is the consequence of all jurisdictions for their proceedings to be returned to King's Bench, 1 Ld.Raym. 469, 580, 1 Bac.Abr. 751, 2 Bac.Abr. 213. The same may be affirmed of this court. Error lies upon a judgment confessed in ejectment 2 Bac.Abr. 193.

READ, C. J. This is a motion to quash a writ of error upon the ground of the Statute of 9 & 10 Will. III. But the proceedings

are not to be considered under that Statute. The form of the rule of reference, exclusive of the forms prescribed by the Statute which have not been observed, is proof of this.

The Statute is generally declarative of the common law but contains some new provisions. Awards at common law are in suits referred, which had previously depended in court. The provisions of the Statute do not extend to cases not referred according to the forms it directs. Judgment is not to be given under the Statute; by this agreement it is. And error lies in all cases where judgment is given by an inferior court.

The practice of references by amicable actions is much abused. If a case be referred not within the Act of Assembly, it is not entitled to the remedy of it, such as ejectment, trespass, etc. These are at common law. Amicable actions by long course of practice are to be considered as within the Act. They are attended by judgment and execution, and therefore are subject to a writ of error.

Rule discharged.